UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
     :
THI MEDICAL, S.A.C.,                    :
                               Plaintiff,    :         21 Civ. 3979 (LGS)
     :
         -against-            :               ORDER
     :
PPE SOLUTIONS GROUP, LLC et al.,    :
                             Defendants.  :
-------------------------------------------------------------X

WHEREAS, counsel for Defendant TUV Rheinland Group ("TRG") filed a pre-motion letter regarding a motion to dismiss Plaintiff's Complaint (1) for lack of service and (2) because TRG, a German company, is not a juridical entity subject to suit (Dkt. No. 41). Plaintiff opposes (Dkt. No. 53).

WHEREAS, Plaintiff attempted to serve TRG via substitute service on TUV Rheinland Group of North America, Inc. ("TRNA") in Massachusetts (Dkt. No. 39). Plaintiff claims that service on TRNA is proper because its Complaint alleges that TRNA is TRG's agent, and that such an agency relationship suffices for purposes of substitute service under New York law. Allegations that a wholly-owned subsidiary is an agent of the parent corporation generally do not suffice in this district:

> Service of the summons and complaint on a proper agent of a subsidiary corporation may constitute sufficient service on the parent corporation under certain circumstances, but it should be noted that the parent-subsidiary relation alone ordinarily does not establish the necessary agency for making service on one through the other if the two maintain separate identities. . . . The cases indicate that to sustain service on the parent through the subsidiary, or vice versa, a *showing* that the subsidiary corporation is acting as an agent for the parent corporation's separate business within the state or that the two corporations are not really separate entities has been required.

*RCC Ventures, LLC v. Brandtone Holdings Ltd.*, 322 F.R.D. 442, 447 (S.D.N.Y. 2017) (emphasis added) (quoting 4A Wright & Miller, Federal Practice and Procedure § 1104 (4th ed.)).

Accordingly, it is hereby

**ORDERED** that by August 2, 2021, each party shall submit an affidavit setting forth any evidentiary basis for whether TRNA is TRG's agent for purposes of substitute service. TRG's affidavit shall also set forth the (1) evidentiary basis for its assertion that TRG has no legal existence, (2) an explanation of TRG's purpose and (3) any related entity potentially responsible for the alleged actions attributed to TRG in the Complaint.

Dated: July 27, 2021
      New York, New York

                                            **LORNA G. SCHOFIELD**
                                            **UNITED STATES DISTRICT JUDGE**