# GONZALEZ LAW GROUP, A.P.C.

2625 Townsgate Road, Ste. 330
Westlake Village, CA 91361
805.576.7776
866.275.1105

August 27, 2021

By **September 7, 2021**, Plaintiff shall file a response to this letter and the declaration at Docket Number 81 not to exceed three pages.  The Show Cause hearing scheduled on September 2, 2021, at 11:00 a.m., is ADJOURNED to **September 16, 2021**, at **11:00 a.m.,** on the following conference line: 888-363-4749, Access Code: 5583333.

SO ORDERED.

Dated: August 30, 2021
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

The Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007
(212) 805-0288

**RE:  THI MEDICAL v. PPE Solutions Group, LLC et al., Case No. 1:21-cv-03979-LGS, Defendant Mr. Torres' Request to Set Hearing for Motion to Dismiss Pursuant to 12b(6) in compliance with Individual Rules and Procedures For Civil Cases §§ III.A.1 and III.C.2.**

Dear Judge Schofield,

This letter is intended to comply with the Court's "INDIVIDUAL RULES AND PROCEDURES FOR CIVIL CASES, §§ III.A.1 and III.C.2."

Defendant's legal argument is simply that Mr. Torres, as set forth in the Complaint, did not sign any contract, was not in charge of due diligence for any party, and with respect to fraud, negligent inducement, etc. the facts were not pled with sufficient particularity as to support Plaintiff's causes of action against Mr. Torres.

Moreover, because Mr. Torres was not involved in due diligence, was actually never paid for any services, and had nothing to do with regard to which masks were delivered to whom and in what manner, Mr. Torres does not believe that the Plaintiff has good cause to continue it's case against Mr. Torres and the facts needed to bring these actions simply do not exist.  The sum total of Defendant's evidence is an alleged "fraudulent" invoice attached to the Complaint as Exhibit A.  No evidence of Mr. Torres contracting for specific services is contained in the Complaint because none exists.

Defendant Torres requests that the Motion to Dismiss be heard within sixty days from today's date of August 26, 2021.  A virtually identical matter, with the same Exhibit A which is attached to the instant Complaint, is being heard in the Federal Court, Southern District of Miami.

Respectfully Submitted,

Joseph D. Gonzalez, Esq.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

THI MEDICAL, S.A.C., a Peruvian
Company,

       Plaintiff,

v.

PPE SOLUTIONS GROUP, LLC, A Wyoming
limited liability company, KYLE BARNETTE,
an individual, JPJD, LLC,  a New York Limited
Liability Company, YOHAN J. PARK, an
individual, CLAUDIO TORRES, an individual,
and TUB RHEINLAND GROUP, A German
corporation,

Case No. 1:21-cv-03979-LGS

---

## DEFENDANT CLAUDIO TORRES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURUSANT TO FRCP § 12(b)6.

### INTRODUCTION AND SUMMARY

Defendant, Claudio Torres (hereafter "Mr. Torres" or "Defendant") by and through the undersigned  attorney,hereby moves to dismiss the complaint filed by Plaintiff THI Medical, S.A.C., pursuant to Federal Rules of Civil Procedure 12(b)(6)  and states as follows:

Plaintiff filed this action in the U.S. District Court for the Southern District of New York, alleging that Mr. Torres fraudulently induced Plaintiff into buying masks, Mr. Torres committed fraud with respect to a third party's ability to supply said masks, that he negligently misrepresented that sellers of said masks were reputable, Mr. Torres breached a fiduciary duty to Plaintiff  when he introduced them to sellers and finally that Mr. Torres was involved in a civil conspiracy with all other defendants in this Action.

As it relates to Mr. Torres, the Complaint has not, and cannot, state a cause of action against Mr.

Torres because he was not a party to the alleged contract between any of the Parties and THI.  See Complaint, General Allegations, Mr. Torres allegedly introduced buyer to seller and allegedly sent an invoice to Buyer.  However, at no point in the Complaint is there a contract between Buyer, Seller and Mr. Torres.  Moreover, Mr. Torres was never paid any money any services he allegedly provided in introducing the parties.  Further, the Complaint points out that another defendant third party hired by Buyers, TUV, were the ones helping to verify that the masks were authentic.  Mr. Torres was not involved in any of those matters.

On the thinnest of threads, THI alleges and sues Mr. Torres for Fraudulent Inducement (COUNT V) Complaint at ¶¶ 105 through 113; Fraud (COUNT X) Complaint at ¶¶ 142 through 150; Negligent Misrepresentation (COUNT XIV) Complaint at ¶¶ 179-185; Breach of Fiduciary Duty (COUNT XX) Complaint at ¶¶ 222 through 227; Civil Conspiracy (COUNT XXI) Complaint at ¶¶ 228 through 236; Unjust Enrichment (COUNT XXII) Complaint at ¶¶ 237 through 239.  However, the facts, as pled, do not support the conclusions.  The sum total of allegations set forth against Mr. Torres is that he introduced THI to Sellers and that said Sellers could not, or did not, fulfil promises made to them in their (PPE Solution's) contract with THI plaintiff.

Additionally, Plaintiff alleges that Mr. Torres somehow enriched himself by one hundred and twenty-six thousand two hundred and forty-four dollars ($126,244.00).  However, the Complaint does not contain any information relating to how it was that the Plaintiff paid Mr. Torres money—*i.e.* did they send him a check he cashed, money order, wire transfer, etc.  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).  The fact of the matter is that Mr. Torres was never paid any of the money set forth in the Complaint which means that the Plaintiff is either careless or Plaintiff's Complaint is dishonest.

Finally, none of Plaintiff's attachments to the Complaint demonstrates that Mr. Torres had a written agreement with THI.  The is no evidence that Mr. Torres was involved in the negotiations, nor that he was asked to review nor sign said agreement.  Further, there is no evidence that Mr. Torres was he

otherwise retained to make sure that the contractual conditions set forth in THI's Complaint were negotiated and properly followed through by all parties attached thereto. From all appearances, THI's Complaint is intended to simply intimidate Mr. Torres for some reason known only to the Plaintiff and/or their Counsel. We would ask that they hold themselves to the standard that every other Federal Plaintiff must adhere to and layout the facts so that Mr. Torres can properly defend himself.

## ARGUMENT

### PLAINTIFF'S COMPLAINT AGAINST MR. TORRES SHOULD BE DISMISSED FOR FAILURE TO STATE A CAUSE OF ACTION AGAINST MR. TORRES.

Federal Complaints must contain "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also Am. Dental Ass'n v.Cigna Corp.*, 605 F.3d 1283, 1287 (11th Cir. 2010) ("factual allegations must be enough to enough to raise a right to relief above the speculative level" (quoting *Twombly*, 550 U.S. at 555)). For a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, the issue is whether facts have been sufficient to support a claim for relief.

When alleging fraud, Federal Plaintiffs are required to state the circumstances constituting fraud or with precision. "Pursuant to Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). This is because "[w]hen a plaintiff does not specifically plead the minimum elements of their allegation, it enables them

3

...

to learn the complaint's bare essentials through discovery and may needlessly harm a defendant's goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, [grounded on] baseless allegations used to extract settlements." *U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 n.24 (11th Cir. 2002).

In the present case, the Plaintiff alleges that Mr. Torres sent them a "fraudulent" invoice. *See* Complaint at Exhibit A. Everything else constitutes speculation, conjecture and extremely poor deductive reasoning. The Complaint states that Mr. Torres' bill is "fraudulent" while at the same time arguing that the Plaintiff relied on Mr. Torres without elaborating as to why they would rely on Mr. Torres when the Plaintiff hired it's own company, TUV, to conduct said due diligence and Mr. Torres' name is not mentioned in any of the contract between Plaintiff and the other defendants in this Action.

There is nothing pled to determine why the Plaintiff's reliance on Mr. Torres' alleged statements was "reasonable." There is no contract, no evidence that Mr. Torres was paid, the manner of the payment, what precise statements Mr. Torres made upon which THI depended nor why THI was not in a position to do their own due diligence prior to entering into an agreement with PPE Solutions and making payment for their masks. Mr. Torres respectfully submits his request to dismiss the baseless allegations set forth in Plaintiff's Complaint.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendant Claudio Torres respectfully requests that the Court dismiss Plaintiff's Complaint as it relates to him, along with any other or further relief that the Court deems just and proper under the circumstances.

Respectfully Submitted,        **GONZALEZ LAW GROUP, A.P.C.**

Joseph D. Gonzalez, Esq.
2625 Townsgate Road, Ste. 330
Westlake Village, CA 91361
T. 805.576.7776
F. 866.275.1105

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 27, 2021 I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being

served this day on all counsel of via transmission of Notices of Electronic Filing generated by

CM/ECF.

By: _____
    Joseph D. Gonzalez, Esq.