UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
THI MEDICAL, S.A.C.,                                        :
                                        Plaintiff,          :        21 Civ. 3979 (LGS)
                                                            :
                -against-                                   :        ORDER
                                                            :
PPE SOLUTIONS GROUP, LLC, et al.,                           :
                                        Defendants.         :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Claudio Torres was allegedly served on May 13, 2021. (Dkt. No. 31.)

WHEREAS, an answer was due "within 21 days after being served with the summons and complaint," (Fed. R. Civ. P. 12(a)(1)(A)(i)), but no such answer was filed.

WHEREAS, on August 2, 2021, the Clerk of Court entered a certificate of default. (Dkt. No. 64.)

WHEREAS, on August 6, 2021, Plaintiff filed a motion for default judgment and supporting papers. (Dkt. Nos. 71-73.)

WHEREAS, on August 9, 2021, the Court issued an order to show cause why default judgment should not be entered and set a hearing for September 2, 2021 (Dkt. No. 74.), which was later adjourned to September 16, 2021. (Dkt. No. 83.)

WHEREAS, on August 28, 2021, counsel for Torres filed a motion to dismiss and a declaration in response to the order to show cause. (Dkt. Nos. 81-82.)

WHEREAS, on September 16, 2021, Defendant appeared at the show cause hearing.

WHEREAS, pursuant to Federal Rule of Civil Procedure 55(c) a "court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts consider the following factors in determining whether good cause exists: "(1) whether the default was willful; (2) whether setting

aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord G&G Closed Circuit Events, LLC v. Shahzad*, No. 20 Civ. 7487, 2021 WL 1163824, at *1 (S.D.N.Y. Mar. 26, 2021). It is hereby

**ORDERED** that the Certificate of Default is **set aside and vacated**, based on the Court's finding that Defendant Torres has shown good cause for doing so. This finding is based on the fact that Torres's counsel inadvertently failed to make a timely appearance on behalf of his client due to challenges relating to counsel's health and working remotely during the COVID-19 pandemic; Plaintiff agreed that setting aside the default would not prejudice Plaintiff at this early stage of the litigation, particularly because Plaintiff will be arbitrating most of the claims with other Defendants in the action; and Defendant contends that it has a meritorious defense to Plaintiff's claims and raises factual issues that require further investigation. It is further

**ORDERED** that, by **November 12, 2021**, Defendant shall answer, move or otherwise respond to the Complaint, or shall seek an extension of time to respond.

Dated: September 17, 2021
New York, New York

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**LORNA G. SCHOFIELD**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**