UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
THI MEDICAL, S.A.C.,                                        :
                                      Plaintiff,            :
                                                            :     21 Civ. 3979 (LGS)
                    -against-                               :
                                                            :     ORDER
PPE SOLUTIONS GROUP, LLC, et al.,                           :
                                      Defendants.           :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, an order dated August 18, 2023, granted the motion by Ruth Rauls and Hilda Piloto of Saul Ewing LLP to withdraw as Plaintiff's counsel;

WHEREAS, an order dated August 18, 2023, directed Plaintiff to file a letter by October 6, 2023, regarding its efforts to retain new counsel;

WHEREAS, no such letter was filed by October 6, 2023;

WHEREAS, an order dated October 27, 2023, directed Plaintiff to file such letter by November 3, 2023, and advised Plaintiff that failure to comply with the order may result in dismissal of the case without prejudice for failure to prosecute;

WHEREAS, no such letter was filed by November 3, 2023;

WHEREAS, an order dated November 21, 2023, directed Plaintiff to file such letter by December 1, 2023, and advised Plaintiff that failure to comply with the order will result in dismissal of the case without prejudice for failure to prosecute;

WHEREAS, copies of each order were emailed to Plaintiff at jseminario@thi-medical.com, as advised by former counsel for Plaintiff in their withdrawal motion at Dkt. 147, but no such letter has been filed to date;

WHEREAS, a corporation cannot proceed pro se. "The rule that a corporation may

litigate only through a duly licensed attorney is venerable and widespread." *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983); *see also Sanchez v. Walentin*, 526 F. App'x 49, 51 (2d Cir. 2013) (summary order). It is hereby

**ORDERED** that this action is dismissed without prejudice for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute." Fed. R. Civ. P. 41(b). "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014);[1] *accord Lopez v. 3662 Broadway Rest. Corp.*, No. 19 Civ. 975, 2023 WL 3847141, at *2 (S.D.N.Y. June 6, 2023). "No single factor is generally dispositive." *Baptiste*, 768 F.3d at 216.

The first factor, the duration of Plaintiff's failure to comply with court orders, weighs in favor of dismissal. "There is no absolute measure by which to determine whether the delay is significant. Rather, the determination is case-specific: significant delay can range from weeks to years depending upon the circumstances." *Abarca v. Chapter 4 Corp.*, No. 18 Civ. 11206, 2019 WL 13221420, at *1 (S.D.N.Y. Mar. 21, 2019). Plaintiff has failed to comply with the Court's repeated orders over the past months to file a letter regarding its efforts to retain new counsel. The lapse is significant given the simplicity of the request -- Plaintiff only had to file a status

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

letter to apprise the Court of its efforts to secure new counsel.  Over a month has now passed since the last deadline.

The second factor, whether Plaintiff was on notice that failure to comply would result in dismissal, weighs in favor of dismissal.  On October 27, 2023, Plaintiff again was directed to file the status letter by November 3, 2023.  This order advised Plaintiff that failure to comply with the order may result in dismissal of the case without prejudice for failure to prosecute.  On November 21, 2023, an order advised Plaintiff that failure to file the counsel search status letter by December 1, 2023, will result in dismissal of the case.  The Court's order "provide[d] clear guidance on how [Plaintiff] could avoid dismissal." *See Baptiste*, 768 F.3d at 218.

The third factor, whether Defendants are likely to be prejudiced by further delay in the proceedings, is neutral.  As of the last case status letter update filed July 14, 2023, the parties had postponed continued mediation to gather additional information related to the matters described in the Complaint.

The fourth factor, a balancing of the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard, is neutral.  "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Sanchez v. Cnty. of Dutchess*, No. 21-2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order).  "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Toro v. Merdel Game Mfg. Co.*, No. 22 Civ. 8505, 2023 WL 2368986, at *2 (S.D.N.Y. Mar. 6, 2023).  Plaintiff's noncompliance has required the Court to issue additional orders.  However, because the burden is not "extreme," *Sanchez*, 2023 WL 3047971, at *2, this factor is neutral.

Finally, the fifth factor, whether the Court has adequately considered a sanction less drastic than dismissal, weighs in favor of dismissal. "A lesser sanction is unlikely to persuade Plaintiff to participate as [it] has already been informed that [its] failure to participate may lead to the dismissal of [its] action, but [it] has not responded." *See Abarca*, 2019 WL 13221420, at *2.

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is respectfully directed to close the case.

Dated: January 3, 2024
      New York, New York

                                              **LORNA G. SCHOFIELD**
                                        **UNITED STATES DISTRICT JUDGE**